IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:16cv82-MHT-SRW |
| | ) |
| INA TRUCKING, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE[1]

Plaintiff Canal Insurance Company ("plaintiff" or "Canal") commenced this lawsuit against defendants INA Trucking, LLC ("INA Trucking"); Joshua Allen Davis; and M.B.P., a minor, by and through her father, Huey Atlas Pittman. (Doc. 1). The plaintiff seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., regarding its duties under an insurance policy to provide defense or indemnity to defendants INA Trucking and Davis in a separate lawsuit that is pending in the Circuit Court of Crenshaw County, Alabama styled as *M.B., a minor who sues by and through her father, Huey Alan Pittman v. INA Trucking, LLC and Joshua Allen Davis*, Civil Action Number 24-CV-2015-900052.00 ("the underlying action"). In the instant case, defendant M.B.P. filed a counterclaim for declaratory judgment against the plaintiff; specifically, M.B.P. requests a declaration that plaintiff "is required to satisfy any judgment obtained

---

[1] On December 8, 2016, the undersigned entered a recommendation on the motions at bar. (Doc. 35). For the reasons discussed below and in the December 23, 2016 order, the recommendation was later vacated. (Doc. 37). This recommendation supersedes the December 8, 2016 recommendation.

1

by M.B.P." in the underlying action. (Doc. 13 at 8). In other words, M.B.P. brings a duty to indemnify counterclaim against Canal.

This matter is before the court on (1) a motion to dismiss M.B.P.'s counterclaim filed by the plaintiff (Doc. 19); (2) a motion to dismiss plaintiff's complaint and M.B.P.'s counterclaim or, in the alternative, to stay these proceedings filed by M.B.P. (Doc. 33 at 2); (3) a motion to dismiss filed by defendant Davis (Doc. 28); and (4) a motion to stay as to plaintiff's duty to indemnify claim filed by Canal (Doc. 40).[2] M.B.P.'s motion to dismiss is analyzed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The remaining motions to dismiss are brought pursuant to Federal Rule of Civil Procedure 12(b)(6). By order entered on April 19, 2016, U.S. District Judge Myron H. Thompson referred this case to the undersigned for action or recommendation on all pretrial matters. (Doc. 32). *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). For the reasons discussed below, the undersigned Magistrate Judge recommends that plaintiff's motion to dismiss is due to be granted, plaintiff's motion to stay its duty to indemnify claim is due to be denied as moot, M.B.P.'s

---

[2] In the December 8, 2016 recommendation, the court noted that

> M.B.P. raises [] motions on the last page of her brief in opposition to the plaintiff's motion to dismiss. (Doc. 33 at 2). M.B.P.'s counsel did not designate the opposition brief as a motion when submitting the brief via the court's electronic filing system, and there is no indication in the title of the document that would alert the Clerk of Court that M.B.P. therein advances two motions. Consequently, the motions do not appear on the court's docket. All motions must be identified as such when they are filed through PACER or CM/ECF. If a party has questions or needs assistance regarding electronic filing, counsel should contact the Clerk of Court.

(Doc. 35 at 2 n.1). Plaintiff did not heed the court's instructions – that a request for relief must be filed in the form of a motion. Plaintiff moves for a stay of its duty to indemnify claim within the text of a response brief. (Doc. 40). In the future, requests for relief that are not made in the form of a motion may be summarily denied.

motions are due to be denied except that the motion to dismiss is due to be granted as to plaintiff's duty to indemnify claim, and defendant Davis' motion to dismiss is due to be denied.

## STANDARDS OF REVIEW

### I. Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233–34 (quoting, in turn, *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

## II.     Federal Rule of Civil Procedure 12(b)(1)

The Rule 12(b)(1) standard of review was summarized in *Greenwell v. University of Alabama Bd. of Trustees*, 2012 WL 3637768 (N.D. Ala. Aug. 22, 2012). The court explained:

> Challenges to subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can exist in two substantially different forms: facial attacks and factual attacks. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). When presented with a facial attack on the complaint, the court determines whether the complaint has sufficiently alleged subject-matter jurisdiction. *Sinaltrainal*, 578 F.3d at 1260. The court proceeds as if it were evaluating a Rule 12(b)(6) motion; that is, it views the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true. *Id.*
>
> On the other hand, factual attacks question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). When a court is confronted with a factual attack, the standard of review diverges considerably:
>
>> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.
>
> *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)). When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion. *Jones v. State of Ga.*, 725 F.2d 622, 623 (11th Cir. 1984).

*Greenwell* at *5 (alterations in original); *see also McCoy v. Mallinckrodt Pharm., Inc.*, 2016 WL 1544732, at *2 (M.D. Ala. Mar. 23, 2016), *report and recommendation adopted*, 2016 WL 1465967 (M.D. Ala. Apr. 14, 2016) (quoting *Greenwell* standard of review).

The challenge before the court is a facial challenge – i.e., M.B.P. challenges the ripeness of plaintiff's duty to indemnify claim based on the allegations of the complaint. (Doc. 1 at 3 (plaintiff asserts that the underlying action is ongoing and that the matter of indemnity is unsettled)).[3]

## BACKGROUND AND PROCEDURAL HISTORY

Mr. Pittman, acting on behalf of M.B.P., commenced the underlying action against INA Trucking and Mr. Davis on September 8, 2015. (Doc. 1 at 3; Doc. 1-1). In that action, Pittman alleges, *inter alia*, that, "[o]n or about July 12, 2015," his daughter, M.B.P., "was a front seat passenger of a tractor trailer truck operated by … Joshua Allen Davis" and owned by INA Trucking. (Doc. 1-1 at 3). Pittman asserts that Davis, while acting as an agent or employee of INA Trucking, "caused the vehicle he was operating to leave the roadway and strike a culvert." (*Id.*). After the collision, Davis allegedly "left the scene." (*Id.*). Pittman avers that M.B.P. "sustained a skull fracture and various other injuries about her body," and that she is and will continue "to suffer great physical pain, emotional distress and anguish." (*Id.* at 4; Doc. 1 at 3).

After the underlying lawsuit was filed, "[t]he claim was tendered to Canal for defense … and indemnity for any judgment entered against it. Canal is providing a defense to the suit under a complete reservation of rights" pursuant to an insurance policy that contains Commercial Automobile Coverage.[4] (Doc. 1 at 3). According to Canal, the policy

---

[3] In the most recent filing of record, plaintiff concedes that the underlying action is still pending and that the issue of indemnity has not been resolved. (Doc. 40).
[4] The identities of the named insureds under the policy of insurance at issue in this case are not alleged in the complaint. A policy of insurance and related documents are attached as exhibits to the complaint, and

6

provides "coverage" as follows: "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'…." (Doc. 1 at 4).  Canal does not allege whether the "tractor trailer truck" involved in the collision that forms the basis of the underlying action is a "covered auto."

In the complaint, Canal asserts that two policy exclusions are of consequence to its petition for a declaratory judgment.  The first exclusion reads, in pertinent part, "[t]his policy does not insure against or provide indemnity for … exemplary or punitive damages or any type or kind of judgment or award which does not compensate the party benefiting from the award or judgment for any actual 'loss' or damage sustained." (Doc. 1 at 4). M.B.P. sues for punitive damages in the underlying action. (Doc. 1-1).  The second "hazard exclusion" relates to "[b]odily injury sustained by any person while in or upon, entering or alighting from the 'auto.'"  (Doc. 1 at 5).

Plaintiff seeks a declaratory judgment on two issues: (1) "Whether Canal has a continuing duty to defend INA Trucking and Davis in the underlying action;" and (2) "Whether and to what extent Canal has a duty to indemnify INA Trucking and Davis for the claims asserted in the underlying action." (*Id.* at 6).  Defendant M.B.P.'s counterclaim for declaratory judgment seeks a declaration that Canal is required to satisfy any judgment or award in her favor in the underlying action. (Doc. 13).

---

those documents name "INA Trucking, LLC" as an insured. (Doc. 1-2, 1-3). The parties, in their briefs and motions of record, proceed in a manner which implies that Davis is an additional insured, but that point is unclear. Absent clarification by the plaintiff, the court will not assume that INA Trucking or Davis is Canal's insured. However, the names of the insureds need not be established at this juncture, as that information is immaterial to the instant motions.

As noted above, on December 8, 2016, the court entered a recommendation on all motions that were then pending – i.e., all motions except M.B.P.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and plaintiff's motion to stay the resolution of its duty to indemnify claim.  On December 21, 2016, M.B.P. objected to the recommendation insofar as the court recommended denying M.B.P.'s Rule 12(b)(6) motion to dismiss the plaintiff's duty to indemnify claim – and, in the objections, raised for the first time a challenge to the court's subject matter jurisdiction over plaintiff's indemnity claim due to a lack of ripeness. (Doc. 36).  The court construed M.B.P.'s objection as a motion to dismiss plaintiff's duty to indemnify claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), vacated the December 8 recommendation, and ordered the parties to brief the issue of M.B.P.'s jurisdictional challenge to plaintiff's indemnity claim. (Doc. 37).  Thereafter, the plaintiff and M.B.P. filed briefs on the ripeness issue, and plaintiff moved to stay the resolution of its duty to indemnify claim in lieu of dismissal.  (Doc. 39, 40).

## DISCUSSION

### I.     Plaintiff's Motion to Dismiss M.B.P.'s Counterclaim

Canal argues that M.B.P.'s counterclaim is due to be dismissed because it is prohibited by Alabama's Direct Action Statute, Ala. Code § 27-23-1 *et seq.* (1975), unless and until M.B.P. obtains a judgment against INA Trucking or Davis. (Doc. 19 at 1).  It is undisputed that M.B.P. has not yet received a favorable adjudication in the underlying lawsuit. (Doc. 1, 40).

Alabama's Direct Action Statute provides:

> Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

Ala. Code § 27-23-2. In reliance on § 27-23-2, Canal contends that "Alabama law does not allow a third-party tort claimant to maintain a direct action against an insurance company absent a judgment against the insured." (Doc. 19 at 3).

Before addressing the merits of Canal's motion to dismiss, the court must decide whether to apply federal law or Alabama law. M.B.P. observes that the court should decline to entertain plaintiff's motion to dismiss under "federal law," but cites no legal authority in support of her argument. (Doc. 33 at 1). The well-established maxim that "the onus is on the parties to formulate arguments" is rooted in precedent binding on this court, and, absent supporting case law and argument, M.B.P.'s one-sentence assertion is insufficient to compel a finding in her favor. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (citations and internal quotation marks omitted).

That notwithstanding, the court must apply correct substantive law. The court is bound by Alabama law in this instance. "Under the doctrine enunciated in *Erie* and its progeny, 'federal courts sitting in diversity apply state substantive law and federal procedural law.'" *Esfeld v. Costa Crociere, S.P.S.*, 289 F.3d 1300, 1306 (11th Cir. 2002) (quoting G*asperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996), and citing *Erie*

9

*Ry. v. Tompkins*, 304 U.S. 64 (1938)). "[F]or purposes of *Erie*, Alabama's statute circumscribing the right of an injured party to sue directly the alleged tortfeasor's insurer is outcome determinative under *Erie* and is a substantive law." *Norton v. Belarus Mach. of USA, Inc.*, 2005 WL 1501452, at *5 (M.D. Ala. 2005) (discussing *Nelms v. State Farm Mut. Auto. Ins. Co.*, 463 F.2d 1190, 1191 (5th Cir. 1972)[5] ("The question of whether or not a direct action against an insurer is permitted is sufficiently determinative of the outcome of a trial that a federal court sitting in diversity jurisdiction must follow state law in making its decision."); *Insurance Co. of North America v. Davis*, 150 So. 2d 192, 194 (Ala. 1963) (Ala. Code § 27-23-2 is substantive in nature)) (other citations omitted).[6]

Thus, the court must decide whether M.B.P.'s counterclaim is barred by Alabama's Direct Action Statute, Ala. Code § 27-23-2. "Courts have interpreted this statute to prohibit plaintiffs … from seeking recovery from an insurance company until a judgment has been obtained against the insured party." *Kenshalo v. Stoneback*, 2006 WL 508036, at *1 (M.D. Ala. 2006) (citing *State Farm Mut. Auto. Ins. Co. v. Brown*, 894 So.2d 643. 649 (Ala. 2004) ("holding that a contemporaneous suit against an insurance company and the insured party would be 'speculative at best'"), and *Norton*, *supra* ("courts in Alabama have mandated strict adherence with the terms of § 27-23-2 to allow an injured party to recover from an

---

[5] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

[6] In a recommendation on a different issue that was entered by the undersigned Magistrate Judge and subsequently adopted by Judge Thompson, this court noted the *Norton* decision and the "finding [that] § 27–23–2 [is] state substantive law to be applied by the federal court under the *Erie* doctrine." *Springer v. State Farm Mut. Ins. Co.*, 2013 WL 4851617, at *3 n. 6 (M.D. Ala. 2013).

insurer")). *See also Maness v. Alabama Farm Bureau Mut. Ins. Cas. Co.*, 416 So. 2d 979, 981-82 (Ala. 1982) (cross-claims by an injured party against insurance carrier in a declaratory judgment action when the underlying lawsuit was still pending constitute an impermissible direct action that is "not allowable under Alabama law" pursuant to § 27-23-2). In *Maness*, the Alabama Supreme Court held that, because of § 27-23-2, "an injured party cannot bring a direct action against the insurance carrier, absent a final judgment against its insured." *Id.*

In support of its motion to dismiss, plaintiff relies on *Maness*, *Brown*, and *Norton*. M.B.P. does not challenge the holdings of these decisions, but instead argues that the court should interpret *Brown* unfavorably to both the plaintiff and M.B.P. – i.e., "[i]f § 27-23-2 prohibits M.B.P.'s counterclaim because there is not yet a duty to indemnify [because there is no final judgment in the underlying action], then certainly Canal cannot obtain a declaration that it has no such duty … [until] after a final judgment has been obtained." (Doc. 33 at 2). Based upon that argument, M.B.P. requests that "both claims should be dismissed or stayed" until a final judgment is entered in the underlying action. (*Id.*). This argument – that plaintiff's indemnity claim is not ripe because the indemnity question is unresolved in the underlying action – is relevant to M.B.P.'s Rule 12(b)(1) challenge to the ripeness of plaintiff's indemnity claim, but it does not change the impact of § 27-23-2 on M.B.P.'s counterclaim.

Thus, the court finds that, as a matter of law, § 27-23-2 prevents M.B.P. from maintaining a counterclaim against the plaintiff for declaratory judgment because she has

not secured a final judgment in her favor in the underlying action.  The plaintiff's motion to dismiss M.B.P.'s counterclaim is due to be granted.

## II. Plaintiff's and M.B.P.'s Motions to Dismiss or, Alternatively, to Stay

### A. M.B.P.'s Rule 12(b)(1) Motion to Dismiss and Plaintiff's Motion to Stay

In support of the Rule 12(b)(1) motion to dismiss, M.B.P. asserts that plaintiff's duty to indemnify claim is not ripe because of the pendency of the underlying lawsuit. (Doc. 39 at 2-3).  Plaintiff concedes that M.B.P. is correct on this point.  (Doc. 40 at 1 ("M.B.P.'s position that the duty to indemnify under the policy of insurance is not ripe because the underlying liability action has not yet been adjudicated is correct.")).  The court agrees that the plaintiff's duty to indemnify claim is not ripe.  *See Allstate Indem. Co. v. Lewis*, 985 F. Supp. 1341, 1349 (M.D. Ala. 1997)("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit.")(quoting *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir.1995)); *see also Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1293 (S.D. Ala. 2016)("It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insured's liability to the movants.")(quoting *Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg, Inc.*, 387 F. Supp. 2d 1205, 1211-12 (S.D. Ala. 2005)).  When a claim is not "ripe," there is no justiciable case or controversy, and the court lacks subject matter jurisdiction over that claim.  *Colony Ins. Co. v. Griffin*, 2007 WL 4181738, at *3 (M.D. Ala. Nov. 26, 2007)(dismissing a duty to indemnify claim instead of staying resolution of the claim

pending adjudication of an underlying state court action because the indemnity claim does not constitute a ripe "case or controversy" within the court's jurisdiction).

Identical to *Accident Ins. Co.*, the parties in this case "disagree about whether the appropriate response is to dismiss the indemnity aspect of the case or to stay it." *Id.* at 1293; *c.f.* Doc. 39 at 7 (M.B.P. moves for dismissal of plaintiff's duty to indemnify claim), Doc. 40 at 1-2 (plaintiff requests a stay of its duty to indemnify claim pending resolution of either the indemnity issue in the underlying action or the duty to defend claim pending in this court). In support of its motion to stay, plaintiff relies on the *Accident Ins. Co.* decision issued by the United States District Court for the Southern District of Alabama. *See id.* That court held that, when a duty to defend claim is ripe because an underlying lawsuit is awaiting final adjudication, it is within the court's authority to order a stay as to the duty to indemnify claim until either indemnity is resolved in the underlying action or the court adjudicates the duty to defend claim. *Id.* at 1293. Such a holding and accompanying stay is often entered in the Southern District of Alabama when a plaintiff-insurer brings a ripe duty to indemnify claim and an unripe duty to indemnify claim in the same lawsuit. *See, e.g., id.*; *White-Spunner Const., Inc. v. Zurich Am. Ins. Co.*, 2010 WL 3489956, at *1 (S.D. Ala. Aug. 30, 2010); *W.G. Yates & Sons Construction Co. v. Zurich American Insurance Co.*, 2008 WL 161921 at *7 (S.D. Ala. Jan. 8, 2008); *Atlantic Casualty Insurance Co. v. GMC Concrete Co.*, 2007 WL 4335499 at *5 (S.D. Ala. Dec. 7, 2007). The practice in that Court of staying unripe duty to indemnify claims is credited to a holding from the United States District Court for the Northern District of Alabama, *Employers Mut.*

*Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1262 (N.D. Ala. 1999), in which that Court concluded, *inter alia*:

> "that it should *retain jurisdiction* to hear both the duty to defend and the indemnification issues. The duty to defend is more extensive than the duty to indemnify. If the court determines that there is a duty to defend, it may well be appropriate not to then reach the further issue of duty to indemnify. However, a determination that there is no duty to defend may well determine the duty to indemnify issue. Both discretion and common sense mandate that the court *retain jurisdiction* at least until the duty to defend issue is determined...."

*GMC Concrete Co., Inc.*, 2007 WL 4335499, at **5-6 (quoting *Employers Mut. Cas. Co.*, 76 F. Supp. 2d at 1262) (emphasis supplied).

Neither the plaintiff nor the courts that impose such stays explain the basis for a federal court's authority to "retain jurisdiction" over a claim if ripeness – i.e., subject matter jurisdiction – is lacking. A court cannot "retain" a cause of action that is outside its power to adjudicate. Thus, this court is not persuaded that a stay of a claim that is not ripe is permissible because federal courts are courts of limited jurisdiction; "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," and the court has no authority to recommend staying a claim over which it lacks subject matter jurisdiction. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Other judges of this court have held that a duty to indemnify claim that is not yet ripe is due to be dismissed without prejudice for lack of subject matter jurisdiction, and the undersigned agrees with the reasoning of those decisions. *See, e.g., Canal Ins. Co. v. Cook*, 564 F. Supp. 2d 1322, 1325 (M.D. Ala. 2008)(Thompson, J.)("[D]uring an on-the-record conference call held on July 9, 2008, counsel for Canal Insurance acknowledged that its

request for a declaration on its duty to indemnify is not ripe. Accordingly, the court will dismiss the indemnification issue and address only whether Canal Insurance has a duty to defend Bear Creek and McGriff in the state-court lawsuit.");[7] *Colony Ins. Co. v. Floyd's Prof'l Tree Serv.*, 2008 WL 2705123, at *3 (M.D. Ala. July 9, 2008) (Moorer, M.J)(dismissing a duty to indemnify claim due to lack of ripeness because the issue of indemnity was unsettled in an underlying state court action); *State Farm Fire & Cas. Co. v. Myrick*, 2007 WL 3120262, at *3 (M.D. Ala. Oct. 23, 2007) (Watkins, J.)("Here, there is a controversy about whether State Farm is obligated to provide a defense to the Myricks under the insurance policy, making the duty to defend ripe for adjudication. However, the duty to indemnify is not ripe because the underlying case is unresolved, meaning that State Farm's duty to indemnify is presently an abstract, academic question. Therefore, it is appropriate to grant the Myricks' motion to dismiss with regard to the duty to indemnify.").

As discussed *supra*, plaintiff concedes that its indemnity claim is not ripe; thus, there is no basis on which the court can exercise or "retain" jurisdiction over the claim. Because there is no subject matter jurisdiction over plaintiff's duty to indemnify claim, dismissal without prejudice is the only available remedy. *See Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) ("Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review."); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d at 410 (a court is powerless to act without subject matter

---

[7] Interestingly, Canal was a party to the *Cook* case, which was pending before the same presiding District Judge as the instant action; however, Canal did not mention *Cook* in its motion to stay.

jurisdiction). Thus, M.B.P.'s Rule 12(b)(1) motion to dismiss is due to be granted, and plaintiff's motion to stay is due to be denied.

### B. M.B.P.'s Rule 12(b)(6) Motion to Dismiss or, Alternatively, to Stay

In light of the foregoing – i.e., the conclusion that plaintiff's duty to indemnify claim is due to be dismissed for a lack of ripeness and M.B.P.'s duty to indemnify counterclaim is barred by Ala. Code § 27-23-2 and cannot be resuscitated this cause even if M.B.P. prevails in the underlying action[8] – M.B.P.'s Rule 12(b)(6) motion to dismiss her counterclaim as well as Canal's lawsuit (or, alternatively, her motion to stay these proceedings until a final judgment is entered in the underlying action so that Canal's and M.B.P.'s prayers for declaratory judgment can proceed simultaneously) are due to be denied as moot.

### III.  Defendant Davis' Motion to Dismiss

Defendant Davis filed a responsive pleading to plaintiff's complaint that is entitled, "Motion to Dismiss and Answer by Defendant Joshua Alan Davis." (Doc. 28). In that pleading, Davis includes a heading, "Motion to Dismiss," and a single sentence in support of the motion: "Pursuant to *Federal Rules of Civil Procedure* Rule 12(b)(6), [d]efendant moves this Court to dismiss the [p]laintiff's [c]omplaint filed against him, and as grounds for this motion states that the [c]omplaint fails to state a claim against this [d]efendant upon which relief may be granted." (*Id.*). Notably, "failure to state a claim upon which relief

---

[8] *See Wiggins*, 686 So. 2d at 219 (a tort claimant who obtains a favorable judgment in an underlying lawsuit is not entitled to add a claim for declaratory judgment against an insurer in an ongoing declaratory judgment action but must, instead, file a separate lawsuit against the insurer).

can be granted" is both a basis for a motion and a defense that must be asserted in a responsive pleading. *See* Fed. R. Civ. P. 12(b)(6). One does not sacrifice the defense available under Rule 12(b)(6) by failing to raise it in a motion and, instead, asserting it in an answer. *See* Fed. R. Civ. P. 12(b). However, "a motion" asserting the defense of "failure to state a claim upon which relief can be granted" "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). *See also United States v. Alabama Dep't Mental Health, Mental Retardation*, 2010 WL 447399, at *4 (M.D. Ala. 2010), *aff'd sub nom. United States v. Alabama Dep't of Mental Health & Mental Retardation*, 673 F.3d 1320 (11th Cir. 2012) ("Rule 12(b) requires a defendant to make a motion pursuant to 12(b)(1) or 12(b)(6) prior to filing a responsive pleading.").

Davis' choice to file a motion to dismiss and an answer in the same document is fatal to the motion. Davis was required to file a responsive pleading. (Doc. 16); *see also* Fed. R. Civ. P. 12(a). An answer is a pleading. *See* Fed. R. Civ. P. 7(a)(2). When Davis filed an answer and a motion to dismiss simultaneously, he failed to raise a Rule 12(b)(6) motion to dismiss "before pleading." Consequently, the motion to dismiss is due to be denied as untimely. *See, e.g., Leonard v. Enter. Rent a Car*, 279 F.3d 967, 971 n. 6 (11th Cir. 2002) ("After answering the complaint, the defendants filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims. Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief.").

If it served the interests of judicial economy, the court could convert Davis' untimely motion to dismiss to a motion for judgment on the pleadings brought pursuant to

17

Federal Rule of Civil Procedure 12(c).  However, Davis does not provide a brief in support of his motion to dismiss, and the court can only guess at what Davis might have argued in support of a motion for judgment on the pleadings.  Because Davis failed to develop any argument whatsoever in support of his motion to dismiss, and Davis is not prejudiced if the court does not *sua sponte* convert the instant motion to one for judgment on the pleadings because the time for filing such motions has not lapsed, the interests of justice are best served by denying Davis' motion to dismiss as untimely and without prejudice to that defendant's right to raise a Rule 12(b)(6) defense by an appropriate motion in the future – i.e., by a motion for judgment on the pleadings or a motion for summary judgment – or at trial.

## CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons discussed herein, the undersigned Magistrate Judge **RECOMMENDS** as follows:

(1) the motion to dismiss M.B.P.'s counterclaim filed by Canal (Doc. 19) is due to be **GRANTED,** and the counterclaim asserted by M.B.P. should be **DISMISSED WITHOUT PREJUDICE**;

(2) M.B.P.'s Rule 12(b)(1) motion to dismiss Canal's duty to indemnify claim (Doc. 33 at 2) is due to be **GRANTED**, and Canal's duty to indemnify claim is due to be **DISMISSED WITHOUT PREJUDICE**;

(3) M.B.P.'s Rule 12(b)(6) motion to dismiss or, alternatively, to stay (Doc. 33 at 2) is due to be **DENIED AS MOOT**;

(4) the motion to dismiss brought by defendant Davis (Doc. 28) is due to be **DENIED**; and

(5) plaintiff's motion to stay the resolution of its duty to indemnify claim (Doc. 40) is due to be **DENIED**.

The parties are **ORDERED** to file any objections to this Recommendation on or before **March 24, 2017**. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 10th day of March, 2017.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge